526 A.2d 470

Connie Wadsworth, Petitioner *v.* Workmen's Compensation Appeal Board (Champion Parts Rebuilders), Respondents.

Submitted on briefs April 21, 1987, to Judges CRAIG and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Clifford A. Rieders, Rieders, Travis, Mussina, Humphrey & Harris,* for petitioner.

*Michael H. Collins, McNerney, Page, Vanderlin & Hall,* for respondent.

OPINION BY JUDGE CRAIG, June 2, 1987:

Connie Wadsworth (now Connie Bitner), the claimant, appeals from an order of the Workmen's Compensation Appeal Board denying her petition for modification of compensation. We affirm.

According to the referee's findings of fact, the claimant sustained injuries to her neck, shoulder and arm and began receiving workmen's compensation on February 18, 1978. A referee later suspended the claimant's compensation as of December 19, 1978 because the claimant had returned to work at the same or greater wage than she had earned in her earlier employment.

On March 20, 1980, a referee dismissed the claimant's petition for reinstatement on the ground that the claimant had failed to prove that her allegedly worsened disability was related to her February, 1978 injury. The board affirmed.

On January 13, 1982, the claimant filed a petition for modification—presumably for reinstatement—of compensation alleging that further surgery is necessary to treat her disability and that she would be incapable of working. The referee concluded that the claimant·had failed to establish any recurrence of disability since the claimant's initial petition for reinstatement had been denied and therefore denied the petition for modification.

Our scope of review is limited to a determination of whether the board's order constitutes an error of law and whether the referee's findings of fact are supported by substantial evidence. *Estate of Francis J. McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The claimant contends that the following findings of fact, crucial to the referee's conclusions of law, are not supported by substantial evidence in the record.

29. That after reviewing all of the testimony and medical evidence and testimony presented, your Referee finds as a fact that the findings and conclusions of Dr. Robert G. Stevens are credible.

30. That your Referee finds as a fact that the claimant's subjective symptomatology was the same in October of 1982 as it was in August of 1979, except in October of 1982 the claimant added pains in her neck and some pain in the right arm and shoulder area.

. . . .

37. That as of August 6, 1979, the date of Dr. Stevens' initial examination and evaluation of

this claimant, the claimant had fully recovered from her injuries sustained on February 10, 1978.

39. [sic] That the claimant did not experience any work-related incident or injury after August 6, 1979.

40. That the claimant's physical activities during the course of her employment with this defendant on or after August 6, 1979, did not bring about or cause any recurrence of disability.

The claimant maintains that Dr. Stevens' testimony, upon which the referee's findings are based, is equivocal and therefore not substantial evidence.

Specifically, the claimant cites Dr. Stevens' statement that he did not perceive the claimant to be a "fake or malingerer" and that he believed that the claimant believes that she is disabled. In contrast, Dr. Stevens opined that the claimant does not suffer a disability. Our review of the record reveals that Dr. Stevens' testimony is consistent. Dr. Stevens' testimony reflects a thorough understanding of the claimant's subjective complaints—complaints which he believed were sincerely stated—but which he was unable to verify objectively.

Additionally, the claimant compares Dr. Stevens' statement that he did not disagree with the decision of Dr. Sanderson (the treating physician), to perform surgery on the claimant, with Dr. Stevens' conclusion that surgery was not warranted. Once again, our review of the record reveals that Dr. Stevens' testimony is consistent. Dr. Stevens stated:

Q. Your review of [Dr. Sanderson's] report and deposition, does he indicate why the surgery was needed?

A. He based the idea of performing the surgery primarily I believe on the findings of the

electromyography by Dr. Max Stoner of Polyclinic Hospital, Dr. Stoner had suggested to the patient and apparently to Dr. Sanderson that there was a 'block at the elbow and block at the wrist' and in that respect, I believe Dr. Sanderson in good medical, surgical judgment decided to explore the nerve in the elbow.

. . . .

Q. If you believed he was wrong, you would. . . .

A. If I disagreed with him I would have called him personally and found out his own opinion about this but he did this surgery because he felt it was indicated [sic] and he is a very exceptional well-trained man and I would not quarrel with him over the decision to do the surgery. The results unfortunately didn't justify all the surgery she went through because her complaints still persisted.

The quoted testimony indicates that, although Dr. Stevens believes, in hindsight, that surgery was not warranted, he also believes that Dr. Sanderson's decision to perform surgery when diagnosing the claimant's disability was sound.

Because we find Dr. Stevens' testimony to be unequivocal and therefore substantial evidence to support the referee's findings of fact, we affirm the board's order denying the claimant's petition for modification.

## ORDER

NOW, June 2, 1987, the order of the Workmen's Compensation Appeal Board, Docket No. A-87831, dated October 7, 1985, is affirmed.